LAND, J.
(dissenting). The motion for a bill of particulars in this case requires the district attorney to state “the nature of the possession set forth in the said indictment; that is to say whether the possession charged was an actual or a constructive possession.”
There is no contention in this case that defendant' had the liquor in his home, or that he had possession of it under a lawful permit. The liquor was found buried on his premises, and the trial judge was satisfied from the evidence that defendant was guilty of concealing his liquor in his own property.
It is therefore very evident that a bill of particulars in this case, even if the same had been granted, would not have aided defendant in the general defense of not guilty made. The refusal, therefore, by the trial judge to grant the motion for a bill of particulars has ■worked no injury to the accused, and for this reason the judgment should not be reversed.
It does not require a bill of particulars to enable an accused person to prove that he was in the lawful possession of the liquor at his home or by virtue of federal permit, as these are facts witMn his own peculiar knowledge.
In what way a bill of particulars charging a defendant with the constructive possession of liquor “planted” on his premises would enable him to ferret out the unknown enemy who had planted it there, I am at a loss to understand. Moreover, this is the second time defendant has been convicted for a similar offense.
Cases of malicious prosecution are so extremely rare in liquor and other cases, that *15 the mere possibility of such an occurrence is not a sound reason for requiring bills of particulars in criminal cases. There would be no limit to such bills in every criminal case, if the right to demand them is to be based upon a mere conjecture that an enemy might prefer a criminal charge of some kind against some person.
I therefore respectfully dissent from the opinion of the majority in this case.